# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 7 |
| JIMMIE PAUL NIX, JR., | § § § § | CASE NO. 23-42368 |
| Debtor. | § | |

| | | |
|---|---|---|
| JENNIFER NIX, | § § § | |
| Plaintiff, | § § § § | |
| v. | § § | ADVERSARY NO. |
| JIMMIE PAUL NIX, JR. | § § § | |
| Defendant. | § § | |

## COMPLAINT TO OBJECT TO DISCHARGE PURSUANT TO SECTION 523(a)(15) OF THE UNITED STATES BANKRUPTCY CODE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Jennifer Nix, pursuant to Section 523(a)(15) of the United States Bankruptcy Code (11 U.S.C.§§101, *et seq.,* the "Bankruptcy Code") and Rules 7001, *et seq.* of the Federal Bankruptcy Rules, complain of Debtor, Jimmie P. Nix ("Debtor"), and hereby files this Complaint to Object to Discharge Pursuant to Section 523(a)(15) of the United States Bankruptcy Code, and in support thereof would respectfully show as follows:

## A. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jennifer Nix is a resident of the State of Texas and is a creditor herein.

2. Debtor, Jimmie Paul Nix, Jr. ("Debtor"), is an individual residing in Hood County, Texas. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 10, 2023 (the "Petition Date"), in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court").

3. This Court has jurisdiction over the parties and this controversy under 28 U.S.C. §§157 and 1334. This adversary proceeding is a core proceeding under 28 U.S.C.§157(b)(2)(J).

4. Venue of this proceeding is proper under 28 U.S.C.§1409.

## B. FACTUAL BACKGROUND

5. On August 23, 2022, a divorce decree was entered in the 249th District Court of Johnson County between Jennifer Nix and Jimmie Paul Nix, Jr. **(Exhibit A).**

6. As part of the divorce decree, Debtor was awarded the 2016 GMC K3500 and 2017 Forest River Wildcat motor vehicle as his sole and separate property.

7. Furthermore, as part of the divorce decree as stated on the bottom page 36, Debtor was to indemnify and hold Jennifer Nix, and her property, harmless from any failure to so discharge the following:

> The balance due, including principal, interest, and all other charges, on the promissory note payable to Tarrant County Credit Union, and given as part of the purchase of and secured by a lien on the 2016 GMC K3500 motor vehicle awarded to Respondent.

> The balance due, including principal, interest, and all other charges, on the promissory note payable to Tarrant County Credit Union, and given as part of the purchase of and secured by a lien on the 2017 Forest River Wildcat motor vehicle awarded to respondent.

8. On August 10, 2023, Debtors filed his Schedules, Statement of Financial Affairs, Chapter 7 Individual Debtors' Statement of Intention, and Chapter 7 Statement of Current Monthly Income and Means-Test Calculation (collectively, the "Bankruptcy Filings"). (**Exhibit B**).

9. On page 14 of the Bankruptcy Filings, the Debtor listed an ownership interest in a 2016 GMC Sierra (debtor by intent or clerical error did not list the specific type as described in the divorce decree to be K3500).

10. On page 14 of the Bankruptcy Filings, the Debtor listed an ownership interest in a 2017 Wildcar RV (debtor by intent or clerical error did not list the specific type as described in the divorce decree to be Forest River Wildcat).

11. On page 31 of the Bankruptcy Filings, the Debtor listed Tarrant County Credit Union as holding a secured claim on the 2016 GMC Sierra K3500.

12. On page 31 of the Bankruptcy Filings, the Debtor listed Tarrant County Credit Union as holding a secured claim on the 2017 Forest River Wildcat.

13. On page 65 of the Bankruptcy Filings, the Debtor listed his intention to surrender both the 2016 GMC K3500 and the 2017 Forest River Wildcat motor vehicle.

14. Debtor defaulted on the payments to both the 2016 GMC K3500 and the 2017 Forest River Wildcat.

15. Debtor did not refinance the loan for the 2016 GMC K3500 with Tarrant County Credit Union to remove Plaintiff from the loan after the divorce decree was entered.

16. Debtor did not refinance the loan for the 2017 Forest River Wildcat with Tarrant County Credit Union to remove Plaintiff from the loan after the divorce decree was entered.

17. Debtor through his bankruptcy wants to discharge his liability in the loans with Tarrant County Credit Union for the 2016 GMC K3500 and 2017 Forest River Wildcat.

18. Debtor has not taken any actions or steps to remove Plaintiff from the secured loans

with Tarrant County Credit Union.

19. Debtor listed the North Texas Tollway Authority as an unsecured creditor on page 37 of the Bankruptcy Filings.

20. Tarrant County Credit Union has attempted to collect the debt that Debtor is responsible for from Plaintiff and has reported negatively on her credit report.

21. The North Texas Tollway Authority has attempted to collect the debt that Debtor is responsible for from Plaintiff due to Debtor not removing Plaintiff as an owner of the 2016 GMC K3500.

22. Debtor listed Plaintiff Jennifer Nix as an unsecured creditor on page 36 of the Bankruptcy Filings. He listed the type of claim as a personal loan. This claim arose from payments made by Plaintiff towards Tarrant County Credit Union in an effort to mitigate the damage on her credit as they were reporting negatively due to Debtor's default.

23. Debtor has taken no action to indemnify Plaintiff for the debts associated with the 2016 GMC K3500 and the 2017 Forest River Wildcat as required by the divorce decree.

## COUNT 1

36. 11 U.S.C. 523(a)(15) prohibits discharge of a Debtor's debts when the debt is: "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;"

37. Plaintiffs incorporate by reference the allegations of paragraphs above as if the same were fully set forth herein.

38. 11 U.S.C. 523(a)(15) applies because the debt in question arises from obligation in

connection with the divorce decree between Plaintiff and Debtor.

39. Pursuant to the divorce decree, Debtor has the obligation to "indemnify and hold Petitioner, Jennifer Nix, and her property harmless from any failure to so discharge, these items."

40. Debtor defaulted on the payments to Tarrant County Credit Union filed this Chapter 7 bankruptcy.

41. Tarrant County Credit Union has negatively reported on Plaintiff's credit report and has attempted to collect the debt for the 2016 GMC K3500 and 2017 Forest River Wildcat directly from her.

42. Plaintiff made payments after the vehicles were repossessed to Tarrant County Credit Union, has continued to maintain insurance, and is paying storage fees on the vehicles, to try and mitigate the damage to her credit report caused by Debtor's failure to pay the vehicle notes.

43. The North Texas tollway authority has also attempted to collect directly from Plaintiff debts incurred by Debtor with the 2016 GMC K3500.

44. Debtor has failed to hold Plaintiff harmless for the debts associated with the 2016 GMC K3500 and 2017 Forest River Wildcat as ordered by the divorce decree.

45. Debtor's discharge of these debts would bring harm to the Plaintiff that Debtor is supposed to bear responsibility for.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that, upon final judgment of the Court herein, that judgment be entered against Defendant Debtor revoking their discharge as to the debts owed to Tarrant County Credit Union, the North Texas Tollway Authority, and Plaintiff Jennifer Nix associated with the 2016 GMC K3500 and the 2017 Forest River Wildcat, that Plaintiff recover the monies paid to Tarrant County Credit Union to mitigate their collection efforts, and that Plaintiffs recover their reasonable attorney's fees for all proceedings in the Bankruptcy Court, and

that Plaintiffs recover their costs of court, and general relief.

                                **HERRIN LAW, PLLC**

By:   /s/  C. Daniel Herrin
       Daniel Herrin
       State Bar No. 24065409
       12001 N. Central Expy., Suite 920
       Dallas, TX 75243
       Telephone:   (469) 607-8551
       Facsimile:   (214) 722-0271
       Email:dherrin@herrinlaw.com

ATTORNEYS FOR PLAINTIFF JENNIFER NIX