

CAUSE NO. DC-D202101097

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| JENNIFER NIX | § | |
| AND | § | |
| JIMMIE P. NIX | § | 249TH JUDICIAL DISTRICT |
| | § | |
| AND IN THE INTEREST OF | § | |
| MADISON NIX, A CHILD | § | JOHNSON COUNTY, TEXAS |

## AGREED FINAL DECREE OF DIVORCE

On the ____ day of _____, 2022 the Court considered this case.

*Appearances*

Petitioner, JENNIFER NIX, did not appear in person but has agreed to the terms of this order as evidenced by Petitioner's and Petitioner's attorney's signature below.

Respondent, JIMMIE P. NIX, has made a general appearance and has agreed to the terms of this judgment to the extent permitted by law, as evidenced by Respondent's and Respondent's attorney's signature below.

*Record*

The making of a record of testimony was waived by the parties with the consent of the Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Agreement of Parties*

The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

The agreements in this Final Decree of Divorce were reached in mediation with John Neill on March 16, 2022. This Final Decree of Divorce is stipulated to represent a merger of a mediated settlement agreement dated March 16, 2022 between the parties. To the extent there exist any differences between the mediated settlement agreement and this Final Decree of Divorce, this Final Decree of Divorce shall control in all instances.

*Divorce*

IT IS ORDERED AND DECREED that JENNIFER NIX, Petitioner, and JIMMIE P. NIX, Respondent, are divorced and that the marriage between them dated January 8, 1994 is dissolved on the ground of insupportability.

*Child of the Marriage*

The Court finds that Petitioner and Respondent are the parents of the following child:

Name: **MADISON NIX**
Sex:  Female

*JN*

Birth date:    08/20/2009
Home state:   Texas
Social Security number: XXX-XX-X_____
Driver's license number and issuing state: Not applicable

The Court finds no other children of the marriage are expected.

*Parenting Plan*

The Court finds that the provisions in this decree relating to the rights and duties of the parties with relation to the child, possession of and access to the child, child support, and optimizing the development of a close and continuing relationship between each party and the child constitute the parties' agreed parenting plan.

*Conservatorship*

The Court, having considered the circumstances of the parents and of the child, finds that the following orders are in the best interest of the child.

IT IS ORDERED that JENNIFER NIX and JIMMIE P. NIX are appointed Joint Managing Conservators of the following child: MADISON NIX.

IT IS ORDERED that, at all times, JENNIFER NIX, as a parent joint managing conservator, shall have the following rights:

1.      the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2.      the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3.      the right of access to medical, dental, psychological, and educational records of the child;

4.      the right to consult with a physician, dentist, or psychologist of the child;

5.      the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6.      the right to attend school activities, including school lunches, performances, and

---

Agreed Final Decree of Divorce
*IMOMO Jennifer Nix and Jimmie Nix and ITIO Madison Nix, A Child; Cause No. DC-D202101097*                    Page 3 of 50

JN

field trips;

7.      the right to be designated on the child's records as a person to be notified in case of an emergency;

8.      the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9.      the right to manage the estate of the child to the extent the estate has been created by the parent's family or by the parent, other than by the community or joint property of the parent.

IT IS ORDERED that, at all times, JIMMIE P. NIX, as a parent joint managing conservator, shall have the following rights:

1.      the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2.      the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3.      the right of access to medical, dental, psychological, and educational records of the child;

4.      the right to consult with a physician, dentist, or psychologist of the child;

5.      the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6.      the right to attend school activities, including school lunches, performances, and field trips;

7.      the right to be designated on the child's records as a person to be notified in case of an emergency;

8.      the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9.      the right to manage the estate of the child to the extent the estate has been created by the parent's family or by the parent, other than by the community or joint property of the parent.

JN

EXHIBIT A

IT IS ORDERED that, at all times, JENNIFER NIX and JIMMIE P. NIX, as parent joint managing conservators, shall each have the following duties:

1. the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child;

2. the duty to inform the other conservator of the child if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Texas Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE;

3. the duty to inform the other conservator of the child if the conservator establishes a residence with a person who the conservator knows is the subject of a final protective order sought by an individual other than the conservator that is in effect on the date the residence with the person is established. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the thirtieth day after the date the conservator establishes residence with the person who is the subject of the final protective order. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE;

4. the duty to inform the other conservator of the child if the conservator resides with, or allows unsupervised access to a child by, a person who is the subject of a final protective order sought by the conservator after the expiration of sixty-day period following the date the final protective order is issued. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the ninetieth day after the date the final protective order was issued. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE; and

5. the duty to inform the other conservator of the child if the conservator is the subject of a final protective order issued after the date of the order establishing conservatorship. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the thirtieth day after the date the final protective order was issued. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

**EXHIBIT A**

IT IS ORDERED that, during her periods of possession, JENNIFER NIX, as parent joint managing conservator, shall have the following rights and duties:

1.      the duty of care, control, protection, and reasonable discipline of the child;

2.      the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.      the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.      the right to direct the moral and religious training of the child.

IT IS ORDERED that, during his periods of possession, JIMMIE P. NIX, as parent joint managing conservator, shall have the following rights and duties:

1.      the duty of care, control, protection, and reasonable discipline of the child;

2.      the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.      the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.      the right to direct the moral and religious training of the child.

IT IS ORDERED that JENNIFER NIX, as a parent joint managing conservator, shall have the following rights and duty:

1.      the exclusive right to designate the primary residence of the child within Johnson County, Texas and counties contiguous to Johnson County, Texas;

2.      the exclusive right, after significant consultation with the other parent conservator, to consent to medical, dental, and surgical treatment involving invasive procedures;

3.      the exclusive right, after significant consultation with the other parent conservator, to consent to psychiatric and psychological treatment of the child;

4.      the exclusive right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

5.      the right, subject to the agreement of the other parent conservator, to represent the child in legal action and to make other decisions of substantial legal significance concerning the

JN

EXHIBIT A

child;

    6.    the right, subject to the agreement of the other parent conservator, to consent to marriage and to enlistment in the armed forces of the United States;

    7.    the exclusive right, after significant consultation with the other parent conservator, to make decisions concerning the child's education;

    8.    except as provided by section 264.0111 of the Texas Family Code, the right, subject to the agreement of the other parent conservator, to the services and earnings of the child;

    9.    except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right, subject to the agreement of the other parent conservator, to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government; and

    10.    the exclusive right to apply for a passport for the child, to renew the child's passport, and to maintain possession of the child's passport.

    IT IS ORDERED that JIMMIE P. NIX, as a parent joint managing conservator, shall have the following rights and duty:

    1.    the right, subject to the agreement of the other parent conservator, to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

    2.    the right, subject to the agreement of the other parent conservator, to consent to marriage and to enlistment in the armed forces of the United States;

    3.    except as provided by section 264.0111 of the Texas Family Code, the right, subject to the agreement of the other parent conservator, to the services and earnings of the child;

    4.    except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right, subject to the agreement of the other parent conservator, to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government.

    5.    the right to significant consultation with the other parent conservator regarding consent to medical, dental, and surgical treatment involving invasive procedures;

    6.    the right to significant consultation with the other parent conservator regarding consent to psychiatric and psychological treatment of the child; and

    7.    the right to significant consultation with the other parent conservator regarding consent to education decisions.

JN

**EXHIBIT A**

*Geographical Restriction*

The Court finds that, in accordance with section 153.001 of the Texas Family Code, it is the public policy of Texas to assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child, to provide a safe, stable, and nonviolent environment for the child, and to encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage. IT IS ORDERED that the primary residence of the child shall be within Johnson County, Texas and counties contiguous to Johnson County, Texas, and the parties shall not remove the child from Johnson County, Texas and counties contiguous to Johnson County, Texas for the purpose of changing the primary residence of the child until this geographic restriction is modified by further order of the court of continuing jurisdiction or by a written agreement that is signed by the parties and filed with that court.

IT IS FURTHER ORDERED that JENNIFER NIX shall have the exclusive right to designate the child's primary residence within Johnson County, Texas and counties contiguous to Johnson County, Texas.

IT IS FURTHER ORDERED that this geographic restriction on the residence of the child shall be lifted if, at the time JENNIFER NIX wishes to remove the child from Johnson County, Texas and counties contiguous to Johnson County, Texas for the purpose of changing the primary residence of the child, JIMMIE P. NIX does not reside in Johnson County, Texas and counties contiguous to Johnson County, Texas.

*Passport Provision*

If a party applies for a passport for the child, that party, is ORDERED to notify the other party of that fact no later than ten days after the application.

J.N.

**EXHIBIT A**

IT IS ORDERED that if a parent's consent is required for the issuance of a passport, that parent shall provide that consent in writing no later than ten days after receipt of the consent documents, unless the parent has good cause for withholding consent.

*Significant Consultation*

The term "significant consultation" within this Decree shall mean a good faith effort to notify the other parent during normal waking hours of the need for consultation outside the presence and hearing of the child. Notice shall be by phone, email or other personal electronic communication and shall state the need for consultation and the subject of the consultation. The parent seeking consultation shall provide an effective means of contacting the parent seeking the consultation and allow a reasonable time to respond outside the presence and hearing of the child. Except in an emergency, "reasonable time to respond" is at least 48 hours. In attempting to consult with the other parent or resolve any adult disputes, neither parent shall indulge in rude, degrading, obscene, belittling, offensive, insulting, ridiculing, or abusive language or gestures or engage harassing conduct, including excessive or repetitive contacts with the other parent or the child. Neither parent will be expected to continue any discussion or interaction that involves such behavior. Only one consultation is required and may be in person, by phone or by electronic communication.

*Possession and Access*

1.  Possession Order

    IT IS ORDERED that each conservator shall comply with all terms and conditions of this Possession Order. IT IS ORDERED that this Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Possession Order. IT IS, THEREFORE, ORDERED:

    (a)  Definitions

        1.    In this Possession Order "school" means the elementary or

secondary school in which the child is enrolled or, if the child is not enrolled in an elementary or secondary school, the public school district in which the child primarily resides.

2.    In this Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b)    Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Possession Order.

(c)    Parents Who Reside 100 Miles or Less Apart

Except as otherwise expressly provided in this Possession Order, when JIMMIE P. NIX resides 100 miles or less from the primary residence of the child, JIMMIE P. NIX shall have the right to possession of the child as follows:

1.    Weekends –

On weekends that occur during the regular school term, beginning at the time the child's school is regularly dismissed, on the first, third, and fifth Friday of each month and ending at the time the child's school resumes after the weekend.

2.    Weekend Possession Extended by a Holiday –

Except as otherwise expressly provided in this Possession Order, if a weekend period of possession by JIMMIE P. NIX begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Friday during the summer months when school is not in session, that weekend period of possession shall begin at the time the child's school is regularly dismissed on the Thursday immediately preceding the student holiday or teacher in-service day and 6:00 p.m. on the Thursday immediately preceding the federal, state, or local holiday during the summer months.

Except as otherwise expressly provided in this Possession Order, if a weekend period of possession by JIMMIE P. NIX ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, that weekend period of possession shall end at 8:00 a.m. Tuesday.

Except as otherwise expressly provided in this Possession Order, if a

EXHIBIT A

weekend period of possession by JIMMIE P. NIX ends on or is immediately
followed by a or a federal, state, or local holiday that falls on a Monday during the
summer months when school is not in session, that weekend period of possession
shall end at 6:00 p.m. on that Monday.

3.     Thursdays - On Thursday of each week during the regular school
term, beginning at the time the child's school is regularly dismissed and ending at
the time the child's school resumes on Friday.

4.     Spring Vacation in Even-Numbered Years - In even-numbered
years, beginning at the time the child's school is dismissed for the school's spring
vacation and ending at 6:00 p.m. on the day before school resumes after that
vacation.

5.     Summer Possession Alternating Weeks by JIMMIE P. NIX –

JIMMIE P. NIX shall have possession of the child beginning the first
Sunday following the last day of school on a week on/ week off possession
schedule alternating every seven days on Sunday beginning at 6:00 p.m. and
ending the following Sunday at 6:00 p.m. Each period of possession shall begin
on the first Sunday following the last day of school and continue until the Sunday
on the week before school resumes.

Notwithstanding the Thursday periods of possession during the regular
school term and the weekend periods of possession ORDERED for JIMMIE P.
NIX, it is expressly ORDERED that JENNIFER NIX shall have a superior right
of possession of the child as follows:

1.     Spring Vacation in Odd-Numbered Years - In odd-numbered
years, beginning at the time the child's school is dismissed for the school's spring
vacation and ending at 6:00 p.m. on the day before school resumes after that
vacation.

2.     Summer Possession Alternating Weeks by JENNIFER NIX -
JENNIFER NIX shall have possession of the child beginning the second Sunday
following the last day of school on a week on/ week off possession schedule
alternating every seven days on Sunday beginning at 6:00 p.m. and ending the
following Sunday at 6:00 p.m. Each period of possession shall begin on the first
Sunday following the last day of school and continue until the Sunday on the
week before school resumes.

(d)     Parents Who Reside More Than 100 Miles Apart

Except as otherwise expressly provided in this Possession Order, when
JIMMIE P. NIX resides more than 100 miles from the residence of the child,
JIMMIE P. NIX shall have the right to possession of the child as follows:

**EXHIBIT A**

1.    Weekends - Unless JIMMIE P. NIX elects the alternative period of weekend possession described in the next paragraph, JIMMIE P. NIX shall have the right to possession of the child on weekends beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

Alternate Weekend Possession - In lieu of the weekend possession described in the foregoing paragraph, JIMMIE P. NIX shall have the right to possession of the child not more than one weekend per month of JIMMIE P. NIX's choice beginning at 6:00 p.m. on the day school recesses for the weekend and ending at 6:00 p.m. on the day before school resumes after the weekend. JIMMIE P. NIX may elect an option for this alternative period of weekend possession by giving written notice to JENNIFER NIX within ninety days after the parties begin to reside more than 100 miles apart. If JIMMIE P. NIX makes this election, JIMMIE P. NIX shall give JENNIFER NIX fourteen days' written or telephonic notice preceding a designated weekend. The weekends chosen shall not conflict with the provisions regarding Christmas, Thanksgiving, the child's birthday, and Mother's Day possession below.

2.    Weekend Possession Extended by a Holiday —

Except as otherwise expressly provided in this Possession Order, if a weekend period of possession by JIMMIE P. NIX begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday during the summer months when school is not in session, that weekend period of possession shall begin at the time the child's school is regularly dismissed on the Thursday immediately preceding the student holiday or teacher in-service day and 6:00 p.m. on the Thursday immediately preceding the federal, state, or local holiday during the summer months.

Except as otherwise expressly provided in this Possession Order, if a weekend period of possession by JIMMIE P. NIX ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, that weekend period of possession shall end at 8:00 a.m. Tuesday.

Except as otherwise expressly provided in this Possession Order, if a weekend period of possession by JIMMIE P. NIX ends on or is immediately followed by a or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 p.m. on that Monday.

3.    Spring Vacation in All Years - Every year, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

EXHIBIT A

4.      Summer Possession Alternating Weeks by JIMMIE P. NIX –

JIMMIE P. NIX shall have possession of the child beginning the first Sunday following the last day of school on a week on/ week off possession schedule alternating every seven days on Sunday beginning at 6:00 p.m. and ending the following Sunday at 6:00 p.m. Each period of possession shall begin on the first Sunday following the last day of school and continue until the Sunday on the week before school resumes.

Notwithstanding the weekend periods of possession ORDERED for JIMMIE P. NIX, it is expressly ORDERED that JENNIFER NIX shall have a superior right of possession of the child as follows:

1.      Summer Possession Alternating Weeks by JENNIFER NIX - JENNIFER NIX shall have possession of the child beginning the second Sunday following the last day of school on a week on/ week off possession schedule alternating every seven days on Sunday beginning at 6:00 p.m. and ending the following Sunday at 6:00 p.m. Each period of possession shall begin on the first Sunday following the last day of school and continue until the Sunday on the week before school resumes.

(e)     Holidays Unaffected by Distance

Notwithstanding the weekend and Thursday periods of possession of JIMMIE P. NIX, JENNIFER NIX and JIMMIE P. NIX shall have the right to possession of the child as follows:

1.      Christmas Holidays in Even-Numbered Years - In even-numbered years, JIMMIE P. NIX shall have the right to possession of the child beginning at the time the child's school is dismissed for the Christmas school vacation and ending at noon on December 28, and JENNIFER NIX shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

2.      Christmas Holidays in Odd-Numbered Years - In odd-numbered years, JENNIFER NIX shall have the right to possession of the child beginning at the time the child's school is dismissed for the Christmas school vacation and ending at noon on December 28, and JIMMIE P. NIX shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

3.      Thanksgiving in Odd-Numbered Years - In odd-numbered years, JIMMIE P. NIX shall have the right to possession of the child beginning at the time the child's school is dismissed for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

JN

EXHIBIT A

4.    Thanksgiving in Even-Numbered Years – In even-numbered years, JENNIFER NIX shall have the right to possession of the child beginning at the time the child's school is dismissed for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

5.    Child's Birthday – If a parent is not otherwise entitled under this Possession Order to present possession of the child on the child's birthday, that parent shall have possession of the child beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that that parent picks up the child from the other parent's residence and returns the child to that same place.

6.    Father's Day – JIMMIE P. NIX shall have the right to possession of the child each year, beginning at 6:00 p.m. on the Friday preceding Father's Day and ending at 8:00 a.m. on the Monday after Father's Day, provided that if JIMMIE P. NIX is not otherwise entitled under this Possession Order to present possession of the child, he shall pick up the child from JENNIFER NIX's residence and return the child to that same place.

7.    Mother's Day – JENNIFER NIX shall have the right to possession of the child each year, beginning at the time the child's school is regularly dismissed on the Friday preceding Mother's Day and ending at the time the child's school resumes after Mother's Day, provided that if JENNIFER NIX is not otherwise entitled under this Possession Order to present possession of the child, she shall pick up the child from JIMMIE P. NIX's residence and return the child to that same place.

(f)    Undesignated Periods of Possession

JENNIFER NIX shall have the right of possession of the child at all other times not specifically designated in this Possession Order for JIMMIE P. NIX.

(g)    General Terms and Conditions

Except as otherwise expressly provided in this Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1.    Surrender of Child by JENNIFER NIX – JENNIFER NIX is ORDERED to surrender the child to JIMMIE P. NIX at the beginning of each period of JIMMIE P. NIX's possession at the residence of JENNIFER NIX.

If a period of possession by JIMMIE P. NIX begins at the time the child's school is regularly dismissed, JENNIFER NIX is ORDERED to surrender the child to JIMMIE P. NIX at the beginning of each such period of possession at the school in which the child is enrolled. If the child is not in school, JIMMIE P. NIX shall pick up the child at the residence of JENNIFER NIX at 6:00 p.m., and

EXHIBIT A

JENNIFER NIX is ORDERED to surrender the child to JIMMIE P. NIX at the residence of JENNIFER NIX at 6:00 p.m. under these circumstances.

2.    Surrender of Child by JIMMIE P. NIX – JIMMIE P. NIX is ORDERED to surrender the child to JENNIFER NIX at the residence of JIMMIE P. NIX at the end of each period of possession.

If a period of possession by JIMMIE P. NIX ends at the time the child's school resumes, JIMMIE P. NIX is ORDERED to surrender the child to JENNIFER NIX at the end of each such period of possession at the school in which the child is enrolled or, if the child is not in school, at the residence of JENNIFER NIX at 6:00 p.m.

3.    Surrender of Child by JIMMIE P. NIX – JIMMIE P. NIX is ORDERED to surrender the child to JENNIFER NIX, if the child is in JIMMIE P. NIX's possession or subject to JIMMIE P. NIX's control, at the beginning of each period of JENNIFER NIX's exclusive periods of possession, at the place designated in this Possession Order.

4.    Return of Child by JENNIFER NIX – JENNIFER NIX is ORDERED to return the child to JIMMIE P. NIX, if JIMMIE P. NIX is entitled to possession of the child, at the end of each of JENNIFER NIX's exclusive periods of possession, at the place designated in this Possession Order.

5.    Personal Effects – Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

6.    Designation of Competent Adult – Each conservator may designate any competent adult to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned.

7.    Inability to Exercise Possession – Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

8.    Written Notice – Written notice, including notice provided by electronic mail or facsimile, shall be deemed to have been timely made if received or, if applicable, postmarked before or at the time that notice is due. Each conservator is ORDERED to notify the other conservator of any change in the conservator's electronic mail address or facsimile number within twenty-four hours after the change.

EXHIBIT A

9.    Notice to School and JENNIFER NIX – If JIMMIE P. NIX's time of possession of the child ends at the time school resumes and for any reason the child is not or will not be returned to school, JIMMIE P. NIX shall immediately notify the school and JENNIFER NIX that the child will not be or has not been returned to school.

This concludes the Possession Order.

2.    Other Parenting Plan Provisions

In addition to all other provisions for possession provided in this decree, the following periods of possession are ORDERED:

1.    Right of First Refusal – If a parent is unable to exercise their period of possession, then that parent shall notify the other parent, and the other parent will have the right to care for the child during that absence.

2.    IT IS ORDERED that if JENNIFER NIX is unable to pick up the child the subject of this suit from the residence of JIMMIE P. NIX by 9:30 p.m., then the child the subject of this suit shall spend the night at the residence of JIMMIE P. NIX.

3.    Duration

The periods of possession ordered above apply to the child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

4.    Termination of Orders

The provisions of this decree relating to conservatorship, possession, or access terminate on the remarriage of JENNIFER NIX to JIMMIE P. NIX unless a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code.

*Child Support*

IT IS ORDERED and the parties agree that Respondent's child support obligation would be six hundred twenty-six dollars ($626.00) according to the Texas Family Code child support guidelines and that seventy-four (74) payments would be due between April 1, 2022 and May 1,

JN



**EXHIBIT A**

2028.

IT IS FURTHER ORDERED and the parties agree that forty-six thousand two hundred fifty dollars ($46,250.00) is the total amount of Respondent's child support obligation for those seventy-four (74) months and that amount is paid in full from Respondent to Petitioner from Respondent's portion of the home equity at closing of the refinance for the marital residence located at 4156 Timber Vista Drive, Burleson, Texas 76028.

*Medical and Dental Support*

1.    IT IS ORDERED that JENNIFER NIX and JIMMIE P. NIX shall each provide additional child support for the child as set out in this order for as long as the Court may order JENNIFER NIX and JIMMIE P. NIX to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day JENNIFER NIX and JIMMIE P. NIX's actual or potential obligation to support the child under sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that JENNIFER NIX and JIMMIE P. NIX are discharged from these obligations, except for any failure by a parent to fully comply with these obligations before that date.

2.    Definitions –

"Health Insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the cost of health insurance coverage for a child that does not exceed 9 percent of JIMMIE P. NIX's annual resources, as described by section 154.062(b) of

EXHIBIT A

the Texas Family Code.

"Dental insurance" means insurance coverage that provides preventive dental care and other dental services, including usual dentist services, office visits, examinations, X-rays, and emergency services, that may be provided through a single service health maintenance organization or other private or public organization.

"Reasonable cost" of dental insurance means the cost of dental insurance coverage for a child that does not exceed 1.5 percent of JIMMIE P. NIX's annual resources, as described by section 154.062(b) of the Texas Family Code.

"Health-care expenses" include, without limitation, medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges but do not include expenses for travel to and from the provider or for nonprescription medication.

"Health-care expenses that are not reimbursed by insurance" ("unreimbursed expenses") include related copayments and deductibles.

"Furnish" means -

a.    to hand deliver the document by a person eighteen years of age or older either to the recipient or to a person who is eighteen years of age or older and permanently resides with the recipient

b.    to deliver the document to the recipient by first-class mail or by certified mail, return receipt requested, to the recipient's last known mailing or residence address

c.    to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that of a courier or deliverer of papers or documents either

---

**EXHIBIT A**

within or outside the United States

d.    to deliver the document to the recipient at the recipient's electronic mail -- . . --
address as follows:

JENNIFER NIX:          Jlnix74@gmail.com
JIMMIE P. NIX:         Supermansucks44@gmail.com

and in the event of any change in either recipient's electronic mail address,
that recipient is ORDERED to notify the other recipient of such change in
writing within twenty-four hours after the change

3.    Findings on Availability of Health Insurance - Having considered the cost,
accessibility, and quality of health insurance coverage available to the parties, the Court finds:

Health insurance is available or is in effect for the child through JIMMIE P. NIX's
employment or membership in a union, trade association, or other organization at a reasonable
cost per month.

IT IS FURTHER FOUND that the following orders regarding health-care coverage are in
the best interest of the child.

4.    Provision of Health-Care Coverage -

As child support, JIMMIE P. NIX is ORDERED to maintain health insurance for the
child as long as child support is payable for that child. JIMMIE P. NIX is ORDERED -

a.    to furnish to each conservator of the child the following information no later than
the thirtieth day after the date the notice of the rendition of this order is received:

i.    JIMMIE P. NIX's Social Security number;

ii.    the name and address of JIMMIE P. NIX's employer;

iii.    whether JIMMIE P. NIX's employer is self-insured or has health insurance
available;

EXHIBIT A

      iv,      proof that health insurance has been provided for the child;

      v.      if JIMMIE P. NIX's employer has health insurance available:

           (a)      the name of the health insurance carrier;

           (b)      the number of the policy;

           (c)      a copy of the policy;

           (d)      a schedule of benefits;

           (e)      a health insurance membership card;

           (f)      claim forms, and

           (g)      any other information necessary to submit a claim; and

      vi.      if JIMMIE P. NIX's employer is self-insured:

           (a)      a copy of the schedule of benefits;

           (b)      a membership card;

           (c)      claim forms; and

           (d)      any other information necessary to submit a claim;

b.      to furnish to each conservator of the child a copy of any renewals or changes to the health insurance coverage of the child and additional information regarding health insurance coverage of the child not later than the fifteenth day after JIMMIE P. NIX receives or is provided with the renewal, change, or additional information;

c.      to notify each conservator of the child of any termination or lapse of the health insurance coverage of the child no later than the fifteenth day after the date of the termination or lapse;

d.      after termination or lapse of health insurance coverage, to notify each conservator

Agreed Final Decree of Divorce:
IMOMO Jennifer Nix and Jimmie Nix and ITIO Madison Nix, A Child; Cause No. DC-D202101097      Page 20 of 50

EXHIBIT A

of the child of the availability to JIMMIE P. NIX of additional health insurance for the child not later than the fifteenth day after the date the insurance becomes available;

e. after-termination or lapse of health insurance coverage, to enroll the child in a health insurance plan that is available to JIMMIE P. NIX at reasonable cost at the next available enrollment period.

Pursuant to section 1504.051 of the Texas Insurance Code, IT IS ORDERED that if JIMMIE P. NIX is eligible for dependent health coverage but fails to apply to obtain coverage for the child, the insurer shall enroll the child on application of JENNIFER NIX or others as authorized by law.

5. Findings on Availability of Dental Insurance – Having considered the cost, accessibility, and quality of dental insurance coverage available to the parties, the Court finds:

Dental insurance is available or is in effect for the child through JIMMIE P. NIX's employment or membership in a union, trade association, or other organization at a reasonable cost per month.

IT IS FURTHER FOUND that the following orders regarding dental coverage are in the best interest of the child.

6. Provision of Dental Coverage –

As child support, JIMMIE P. NIX is ORDERED to maintain dental insurance for the child as long as child support is payable for that child. JIMMIE P. NIX is ORDERED –

a. to furnish to each conservator of the child the following information no later than the thirtieth day after the date the notice of the rendition of this order is received:

i. JIMMIE P. NIX's Social Security number;

JN

EXHIBIT A

ii.    the name and address of JIMMIE P. NIX's employer;

iii.   whether JIMMIE P. NIX's employer is self-insured or has dental insurance available;

iv.   proof that dental insurance has been provided for the child;

v.    if JIMMIE P. NIX's employer has dental insurance available:

     (a)   the name of the dental insurance carrier;

     (b)   the number of the policy;

     (c)   a copy of the policy;

     (d)   a schedule of benefits;

     (e)   a dental insurance membership card;

     (f)   claim forms, and

     (g)   any other information necessary to submit a claim; and

vi.   if JIMMIE P. NIX's employer is self-insured:

     (a)   a copy of the schedule of benefits;

     (b)   a membership card;

     (c)   claim forms; and

     (d)   any other information necessary to submit a claim;

b.   to furnish to each conservator of the child a copy of any renewals or changes to the dental insurance coverage of the child and additional information regarding dental insurance coverage of the child not later than the fifteenth day after JIMMIE P. NIX receives or is provided with the renewal, change, or additional information;

c.   to notify each conservator of the child of any termination or lapse of the dental

**EXHIBIT A**

insurance coverage of the child no later than the fifteenth day after the date of the termination or lapse;

d.  after termination or lapse of dental insurance coverage, to notify each conservator of the child of the availability to JIMMIE P. NIX of additional dental insurance for the child not later than the fifteenth day after the date the insurance becomes available;

e.  after termination or lapse of dental insurance coverage, to enroll the child in a dental insurance plan that is available to JIMMIE P. NIX at reasonable cost at the next available enrollment period.

Pursuant to section 1504.051 of the Texas Insurance Code, IT IS ORDERED that if JIMMIE P. NIX is eligible for dependent dental coverage but fails to apply to obtain coverage for the child, the insurer shall enroll the child on application of JENNIFER NIX or others as authorized by law.

7.  Allocation of Unreimbursed Expenses –

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the child that are not reimbursed by health insurance or dental insurance are allocated as follows: JENNIFER NIX is ORDERED to pay 50 percent and JIMMIE P. NIX is ORDERED to pay 50 percent of the unreimbursed health-care expenses if, at the time the expenses are incurred, JIMMIE P. NIX is providing health insurance and JIMMIE P. NIX is providing dental insurance as ordered.

The conservator who incurs a health-care expense on behalf of the child is ORDERED to furnish to the other conservator all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after the incurring

JN

conservator receives them. If the incurring conservator furnishes to the nonincurring conservator the forms, receipts, bills, statements, and explanations of benefits reflecting the unreimbursed portion of the health-care expenses within thirty days after the incurring conservator receives them, the nonincurring conservator is ORDERED to pay the non-incurring conservator's percentage of the unreimbursed portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring conservator for any advance payment exceeding the incurring conservator's percentage of the unreimbursed portion of the health-care expenses within thirty days after the nonincurring conservator receives the forms, receipts, bills, statements, and/or explanations of benefits. If the incurring conservator fails to furnish to the nonincurring conservator the forms, receipts, bills, statements, and explanations of benefits reflecting the unreimbursed portion of the health-care expenses within thirty days after the incurring conservator receives them, the nonincurring conservator is ORDERED to pay the nonincurring conservator's percentage of the unreimbursed portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring conservator's percentage of the unreimbursed portion of the health-care expenses within 120 days after the nonincurring conservator receives the forms, receipts, bills, statements, and/or explanations of benefits.

8.    Secondary Coverage – IT IS ORDERED that if a conservator provides secondary health insurance coverage or dental insurance coverage for the child, the conservators shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the child and to ensure that the conservator who pays for health-care expenses for the child is reimbursed for the payment from both carriers to the fullest extent possible.



9..    Compliance with Insurance Company Requirements - Each conservator is ORDERED to conform to all requirements imposed by the terms and conditions of any policy of health or dental insurance covering the child in order to assure the maximum reimbursement or direct payment by any insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to any carrier, second opinions, and the like., Each conservator is ORDERED to use "preferred providers," or services within the health maintenance organization or preferred provider network, if applicable.  Disallowance of the bill by an insurance company shall not excuse the obligation of a conservator to make payment.  Excepting emergency health-care expenses incurred on behalf of the child, if a party incurs health-care expenses for the child using "out-of-network" health-care providers or services, or fails to follow the insurance company procedures or requirements, that conservator shall pay all such health-care expenses incurred absent (1) written agreement of the conservators allocating such health-care expenses or (2) further order of the Court.

10.    Claims - Except as provided in this paragraph, a conservator who is not carrying the health or dental insurance policy covering the child is ORDERED to furnish to the party carrying the policy, within fifteen days of receiving them, all. forms, receipts, bills, and statements reflecting the health-care expenses the conservator not carrying the policy incurs on behalf of the child.  In accordance with section 1204.251 and 1504.055(a) of the Texas Insurance Code, IT IS ORDERED that the conservator who is not carrying the health or dental insurance policy covering the child, at that conservator's option, or others as authorized by law, may file any claims for health-care expenses directly with the insurance carrier with and from whom coverage is provided for the benefit of the child and receive payments directly from the insurance company.  Further, for the sole purpose of section 1204.251 of the Texas Insurance

EXHIBIT A

Code, JENNIFER NIX is designated the managing conservator or possessory conservator of the child.

The conservator who is carrying the health or dental insurance policy covering the child is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of the child to the insurance carrier within fifteen days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

11.    Constructive Trust for Payments Received - IT IS ORDERED that any insurance payments received by a conservator from the health or dental insurance carrier as reimbursement for health-care expenses incurred by or on behalf of the child shall belong to the conservator who paid those expenses. IT IS FURTHER ORDERED that the conservator receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care expenses paid by the other conservator, and the conservator carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits received, to the other conservator within three days of receiving them.

12.    WARNING – A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR DENTAL INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE OR DENTAL INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILD, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE OR DENTAL INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS, DENTAL INSURANCE PREMIUMS, OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF

**EXHIBIT A**

OF THE CHILD.

13.    Miscellaneous Health Care Provisions -

Each parent will inform the other of regular health-care appointments in advance, and both may attend.

*Additional Child-Related Provisions*

IT IS ORDERED that the child the subject of this suit shall attend Colleyville Christian Academy (CCA) for the rest of the school year for 2022 and the school year of 2022 to 2023.

IT IS ORDERED that for the school year 2023 to 2024 and all subsequent years after, the child shall attend a school located within a 25-mile radius of 4156 Timber Vista Drive, Burleson, Texas 76028, unless the parties agree in writing otherwise.

IT IS FURTHER ORDERED that JENNIFER NIX shall pay all private school tuition expenses for the child the subject of this suit.

*Coparenting Website Program*

IT IS ORDERED that JENNIFER NIX and JIMMIE P. NIX each shall, within ten days after this order is signed by the Court, obtain at his or her sole expense a subscription to the AppClose Coparenting Application program on the website at https://appclose.com/. IT IS FURTHER ORDERED that JENNIFER NIX and JIMMIE P. NIX each shall maintain that subscription in full force and effect for as long as the child is under the age of eighteen years and not otherwise emancipated.

IT IS ORDERED that JENNIFER NIX and JIMMIE P. NIX shall each communicate through the AppClose program with regard to all communication regarding the child, except in the case of an emergency or other urgent matter.

IT IS ORDERED that JENNIFER NIX and JIMMIE P. NIX each shall timely post all

**EXHIBIT A**

significant information concerning the health, education, and welfare of the child, including but not limited to the child's medical appointments, the child's schedule and activities, and requests for reimbursement of uninsured health-care expenses, on the AppClose website. However, IT IS ORDERED that neither party shall have any obligation to post on that website any information to which the other party already has access through other means, such as information available on the website of the child's school.

IT IS FURTHER ORDERED that JENNIFER NIX and JIMMIE P. NIX shall each timely post on the AppClose website a copy of any e-mail received by the party from the child's school or any health-care provider of the child[ren], in the event that e-mail was not also forwarded by the school or health-care provider to the other party.

For purposes of this section of this order, "timely" means on learning of the event or activity, or if not immediately feasible under the circumstances, not later than twenty-four hours after learning of the event or activity.

By agreement, the parties may communicate in any manner other than using the AppClose program, but other methods of communication used by the parties shall be in addition to, and not in lieu of, using the AppClose program.

*Information Regarding Parties*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

```
Name:                      JENNIFER NIX
Social Security number:    XXX-XX-X120
Driver's license number:   XXXXXXX700   Issuing state:      Texas
Current residence address: 4156 Timber Vista Dr., Burleson, Texas 76028
Mailing address:           4156 Timber Vista Dr., Burleson, Texas 76028
Home telephone number:     (817) 726-7266
Name of employer:          Ziegler Gardner Bell, PLLC
Address of employment:     901 Main Street, Suite 4960, Dallas, Texas 75202
```

**EXHIBIT A**

Work telephone number:   (817) 726-7266

Name:   JIMMIE P. NIX
Social Security number:   XXX-XX-X119
Driver's license number   XXXXXX489   Issuing state:   Texas
Current residence address:   4341 FM 917, Joshua, Texas 76058
Mailing address:   4341 FM 917, Joshua, Texas 76058
Home telephone number:   (817) 726-7412
Name of employer:
Address of employment:
Work telephone number:

*Required Notices*

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

JN

**EXHIBIT A**

.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE
EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE
CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION
TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF
CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX
MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT
FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by
registered or certified mail, return receipt requested. Notice shall be given to the Court by
delivering a copy of the notice either in person to the clerk of this Court or by registered or
certified mail addressed to the clerk at 204 S. Buffalo Ave., Cleburne, Texas. Notice shall be
given to the state case registry by mailing a copy of the notice to State Case Registry, Contract
Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE
REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED
IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT
ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE
IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE
OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S
DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD
CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN
ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT
MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS

**EXHIBIT A**

AND A FINE OF AS MUCH AS $10,000.

THE COURT MAY MODIFY THIS ORDER THAT PROVIDES FOR THE SUPPORT OF A CHILD, IF:

(1)    THE CIRCUMSTANCES OF THE CHILD OR A PERSON AFFECTED BY THE ORDER HAVE MATERIALLY AND SUBSTANTIALLY CHANGED; OR

(2)    IT HAS BEEN THREE YEARS SINCE THE ORDER WAS RENDERED OR LAST MODIFIED AND THE MONTHLY AMOUNT OF THE CHILD SUPPORT AWARD UNDER THE ORDER DIFFERS BY EITHER 20 PERCENT OR $100 FROM THE AMOUNT THAT WOULD BE AWARDED IN ACCORDANCE WITH THE CHILD SUPPORT GUIDELINES.

*Warnings to Parties*

WARNINGS TO PARTIES:  FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS; A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD.  REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A

EXHIBIT A

CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party and the child of the marriage.

<u>Property to Petitioner</u>

IT IS ORDERED AND DECREED that Petitioner, JENNIFER NIX, is awarded the following as her sole and separate property, and Respondent, JIMMIE P. NIX, is divested of all right, title, interest, and claim in and to that property:

P-1.    The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents:

> LOT 12, BLOCK 2, OF CROSSTIMBER ESTATES, AN ADDITION TO JOHNSON COUNTY, TEXAS, ACCORDING TO THE FINAL PLAT THEREOF RECORDED IN VOLUME 11, PAGE(S) 213; DRAWER H, OF THE MAP AND/OR PLAT RECORDS, OF JOHNSON COUNTY, TEXAS, and more commonly known as 4156 Timber Vista Drive, Burleson, Texas 76028.

P-2.    All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of Petitioner or subject to her sole control.

P-3.    All clothing, jewelry, and other personal effects in the possession of Petitioner or subject to her sole control.

**EXHIBIT A**

P-4.    All sums of cash in the possession of Petitioner or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in Petitioner's sole name or from which Petitioner has the sole right to withdraw funds or which are subject to Petitioner's sole control.

P-5.    All individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in Petitioner's name.

P-6.    All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of Petitioner's past, present, or future employment.

P-7.    All policies of life insurance (including cash values) insuring Petitioner's life.

P-8.    The 2014 Chevrolet Camaro motor vehicle; vehicle identification number 2GIFC3D36E9320064; together with all prepaid insurance, keys, and title documents.

Property to Respondent

IT IS ORDERED AND DECREED that Respondent, JIMMIE P. NIX, is awarded the following as his sole and separate property, and Petitioner, JENNIFER NIX, is divested of all right, title, interest, and claim in and to that property:

R-1.    All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of Respondent or subject to his sole control.

R-2.    All clothing, jewelry, and other personal effects in the possession of Respondent or subject to his sole control.

EXHIBIT A

R-3.    All sums of cash in the possession of Respondent or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in Respondent's sole name or from which Respondent has the sole right to withdraw funds or which are subject to Respondent's sole control.

R-4.    All individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in Respondent's name.

R-5.    All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of Respondent's past, present, or future employment.

R-6.    All policies of life insurance (including cash values) insuring Respondent's life.

R-7.    The 2016 GMC K3500 motor vehicle, vehicle identification number 1GT42YE89GF295339, together with all prepaid insurance, keys, and title documents.

R-8.    The 2017 Forest River Wildcat motor vehicle, vehicle identification number Unknown, together with all prepaid insurance, keys, and title documents.

R-9.    The sum of $71,518.00 to be paid by Petitioner in cash to Respondent as his share of the equity from the marital residence located at 4156 Timber Vista Drive, Burleson, Texas 76028 and his share of the Petitioner's 401K, after subtracting the $46,250.00 due to Petitioner for child support as described above, and the amount of $5,430.00 to reimburse Petitioner for payments made on the motor vehicle and RV travel trailer awarded to Respondent herein. The sum of $71,518.00 is to be paid by Petitioner to Respondent as follows:

EXHIBIT A

Petitioner shall refinance the martial residence located at 4156 Timber Vista Drive, Burleson, Texas 76028 as outlined below within one hundred twenty (120) days of the entry of this Agreed Final Decree of Divorce. Should Petitioner fail to refinance the marital residence located at 4156 Timber Vista Drive, Burleson, Texas 76028 by the timeframe outlined below, then the martial residence located at 4156 Timber Vista Drive, Burleson, Texas 76028 shall be sold in accordance with the provision below.

### Division of Debt

### Debts to Petitioner

IT IS ORDERED AND DECREED that Petitioner, JENNIFER NIX, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold Respondent, JIMMIE P. NIX, and his property harmless from any failure to so discharge, these items:

P-1.    The balance due, including principal, interest, tax, and insurance escrow, on the promissory note executed by JENNIFER NIX and JIMMIE P. NIX, in the original principal sum of $417,519.00, dated October 29, 2018, payable to Trinity Oaks Mortgage, and secured by deed of trust on the real property awarded in this decree to the Petitioner, which was recorded on November 2, 2018 with the official Deed of Trust Records of Johnson County, Texas under document number 2018-30458 and corrected by corrected Deed of Trust recorded on November 29, 2018 in the official Deed of Trust Records of Johnson County, Texas under document number 2018-32531.

P-2.    All debts, charges, liabilities, and other obligations incurred solely by the Petitioner from and after December 3, 2021 unless express provision is made in this decree to the contrary.

P-3.    All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to

**EXHIBIT A**

become due on the real and personal property awarded to the Petitioner in this decree unless express provision is made in this decree to the contrary.

P-4.    All debts, charges, liabilities, and other obligations solely in the Petitioner's name unless express provision is made in this decree to the contrary.

P-5.    Any and all debt owned by the parties to the Internal Revenue Service (IRS).

P-6.    The sum of $71,518.00 to be paid by Petitioner in cash to Respondent as his share of the equity from the marital residence located at 4156 Timber Vista Drive, Burleson, Texas 76028 and his share of the Petitioner's 401K, after subtracting the $46,250.00 due to Petitioner for child support as described above, and the amount of $5,430.00 to reimburse Petitioner for payments made on the motor vehicle and RV travel trailer awarded to Respondent herein. The sum of $71,518.00 is to be paid by Petitioner to Respondent as follows:

Petitioner shall refinance the martial residence located at 4156 Timber Vista Drive, Burleson, Texas 76028 as outlined below within one hundred twenty (120) days of the entry of this Agreed Final Decree of Divorce. Should Petitioner fail to refinance the marital residence located at 4156 Timber Vista Drive, Burleson, Texas 76028 by the timeframe outlined below, then the martial residence located at 4156 Timber Vista Drive, Burleson, Texas 76028 shall be sold in accordance with the provision below.

<u>Debts to Respondent</u>

IT IS ORDERED AND DECREED that Respondent, JIMMIE P. NIX, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold Petitioner, JENNIFER NIX, and her property harmless from any failure to so discharge, these items:

R-1.    The balance due, including principal, interest, and all other charges, on the promissory note payable to Tarrant County Credit Union, and given as part of the purchase price

EXHIBIT A

of and secured by a lien on the 2016 GMC K3500 motor vehicle awarded to Respondent.

R-2.    The balance due, including principal, interest, and all other charges, on the promissory note payable to Tarrant County Credit Union, and given as part of the purchase price of and secured by a lien on the 2017 Forest River Wildcat motor vehicle awarded to Respondent.

R-3.    All debts, charges, liabilities, and other obligations incurred solely by the Respondent from and after December 3, 2021 unless express provision is made in this decree to the contrary.

R-4.    All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the personal property awarded to the Respondent in this decree unless express provision is made in this decree to the contrary.

R-5.    All debts, charges, liabilities, and other obligations solely in the Respondent's name unless express provision is made in this decree to the contrary, including but not limited to:

1.  Tractor Supply Credit Card; and

2.  Home Depot Credit Card.

Notice

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

Refinance of Residence

IT IS ORDERED AND DECREED that the property and all improvements located thereon at lot 12, block 2, of Crosstimber Estates, an addition to Johnson County, Texas, according to the final plat thereof recorded in volume 11, page(s) 213; drawer H, of the map/or plat records, of Johnson County, Texas, and more commonly known as 4156 Timber Vista

JN

EXHIBIT A

Drive, Burleson, Texas 76028, shall be refinanced by Petitioner. Petitioner shall refinance the 4156 Timber Vista Drive, Burleson, Texas 76028 within one hundred twenty (120) days from the entry of this Agreed Final Decree of Divorce.

IT IS FURTHER ORDERED that the sum of $71,518.00 shall be paid by Petitioner in cash to Respondent at the closing of the marital residence located at 4156 Timber Vista Drive, Burleson, Texas 76028 as his share of the equity from the marital residence located at 4156 Timber Vista Drive, Burleson, Texas 76028 and his share of the Petitioner's 401K after subtracting the $46,250.00 due to Petitioner for child support as described above, and the amount of $5,430.00 to reimburse Petitioner for payments made on the motor vehicle and RV travel trailer awarded to Respondent herein..

<u>Sale of Residence should Petitioner Fail to Refinance</u>

IT IS FURTHER ORDERED AND DECREED that the property and all improvements located thereon at lot 12, block 2, of Crosstimber Estates, an addition to Johnson County, Texas, according to the final plat thereof recorded in volume 11, page(s) 213; drawer H, of the map/or plat records, of Johnson County, Texas, and more commonly known as 4156 Timber Vista Drive, Burleson, Johnson County, Texas, shall be sold under the following terms and conditions if JENNIFER NIX is unable to refinance the marital residence within one hundred and twenty (120) days from the entry of this Agreed Final Decree of Divorce:

1.    The parties shall list the property with a duly licensed real estate broker having sales experience in the area where the property is located, provided further that the real estate broker shall be an active member in the Multiple Listing Service with the Johnson County Board of Realtors.

2.    The property shall be sold for a price that is mutually agreeable to Petitioner and

EXHIBIT A

Respondent. If Petitioner and Respondent are unable to agree on a sales price, on the application of either party, the property shall be sold under terms and conditions determined by a court-appointed receiver.

3.      Petitioner shall continue to make all payments of principal, interest, taxes, and insurance on the property during the pendency of the sale, and Petitioner shall have the exclusive right to enjoy the use and possession of the premises until closing. All maintenance and repairs necessary to keep the property in its present condition shall be paid by Petitioner.

4.      The net sales proceeds (defined as the gross sales price less cost of sale and full payment of any mortgage indebtedness or liens on the property) shall be distributed as follows:

JIMMIE P. NIX shall receive $71,518.00 in accordance with the above agreement and JENNIFER NIX shall receive the remainder of the net sales proceeds.

*Owelty Lien for Refinance of Home*

The Court, having awarded the family homestead of the parties to JENNIFER NIX, finds that it is necessary to impose an encumbrance for owelty of partition against the entirety of the property to secure payment of the debt resulting from the award.

IT IS ORDERED AND DECREED that an encumbrance for owelty of partition is imposed against the entirety of the homestead property described as follows:

LOT 12, BLOCK 2, OF CROSSTIMBER ESTATES, AN ADDITION TO JOHNSON COUNTY, TEXAS, ACCORDING TO THE FINAL PLAT THEREOF RECORDED IN VOLUME 11, PAGE(S) 213; DRAWER H, OF THE MAP AND/OR PLAT RECORDS, OF JOHNSON COUNTY, TEXAS, and more commonly known as 4156 Timber Vista Drive, Burleson, Texas 76028.

The purpose of the encumbrance is to secure the payment of the debt of JENNIFER NIX

EXHIBIT A

in favor of JIMMIE P. NIX of one hundred and twenty-eight thousand dollars ($128,000.00), resulting from the award of the homestead in this divorce proceeding, which shall be disbursed pursuant to the Owelty Proceeds Allocation Letter attached hereto and incorporated for all purposes as Exhibit "A."

To further evidence the debt, JENNIFER NIX is ORDERED to sign a note payable to JIMMIE P. NIX in the amount specified above and to be disbursed pursuant to the Owelty Proceeds Allocation Letter attached hereto and incorporated for all purposes as Exhibit "A." JENNIFER NIX is FURTHER ORDERED to sign a deed of trust to secure payment of the debt resulting from the owelty of partition.

This debt is part of the division of community property between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony, or child support.

IT IS ORDERED that JIMMIE P. NIX shall sign any non-obligatory documents, creating no cost, harm or liability to him, that are required by the lender to complete the refinance transaction of JENNIFER NIX regarding the refinance of the real property located at 4156 Timber Vista Drive, Burleson, Texas 76028.

### Refinance of Motor Vehicles

IT IS ORDERED AND DECREED that the 2016 GMC K3500 motor vehicle and the 2017 Forest River Wildcat RV, shall be refinanced by Respondent. Respondent shall refinance the 2016 GMC K3500 motor vehicle and the 2017 Forest River Wildcat RV within one hundred twenty (120) days from the entry of this Agreed Final Decree of Divorce.

### Sale of Motor Vehicle should Respondent Fail to Refinance or Become Delinquent

IT IS FURTHER ORDERED AND DECREED that the 2016 GMC K3500 motor vehicle and the 2017 Forest River Wildcat RV, shall be sold if Respondent fails to refinance the motor

## EXHIBIT A

vehicles as described above or if Respondent becomes delinquent for one hundred fifty (150) days or more, under the following terms and conditions:

1.    The motor vehicle shall be sold for a price that is mutually agreeable to Petitioner and Respondent.  If Petitioner and Respondent are unable to agree on a sales price, on the application of either party, the property shall be sold under terms and conditions determined by a court-appointed receiver.

2.    The sales proceeds shall be distributed as follows:

Respondent shall receive 100% of the sales proceeds.

*Miscellaneous Provisions*

IT IS ORDERED that Petitioner and Respondent shall sign and file a sworn Inventory and Appraisement in compliance to the one previously submitted to opposing counsel, on or before March 21, 2022.

IT IS FOUND and the parties stipulate that Petitioner, JENNIFER NIX, filed a sworn Inventory and Appraisement in compliance with the one previously submitted to opposing counsel on March 16, 2022.

Attorney's Fees

To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the child, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

Liability for Federal Income Taxes for Prior Year

IT IS ORDERED AND DECREED that JENNIFER NIX and JIMMIE P. NIX shall be equally responsible for all federal income tax liabilities of the parties allocable to the period from

EXHIBIT A

the date of marriage through December 31, 2021, and each party shall timely pay 50 percent of any taxes, penalties, and interest due thereon and shall indemnify and hold the other party and the other party's property harmless from the portion of such tax, penalty, and interest required to be paid by the indemnifying party unless that additional tax, penalty, or interest resulted from a party's omission of income or claim of erroneous deduction, in which case that party shall pay, and hold the other party and the other party's property harmless from, the additional tax, penalty, and interest allocable to the omitted income or erroneous deduction.

IT IS ORDERED AND DECREED that if a refund of tax or other amounts is made for any year during the parties' marriage through December 31, 2021, each party shall be entitled to one-half of the refund amount, and the party receiving the refund check is designated a constructive trustee for the benefit of the other party to the extent of one-half of the refund amount, and the party receiving the refund check shall pay to the other party one-half of the refund amount within five days of receipt of the refund check. Each party is ORDERED to endorse the refund check on presentation by the other party.

<u>Treatment/Allocation of Community Income for Year of Divorce</u>

IT IS ORDERED AND DECREED that, for the calendar year 2022, each party shall file a federal income tax return and report thereon the reporting party's share of the income, gains, losses, deductions, and credits, including estimated taxes and withholding taxes, of the parties during the calendar year 2022 prior to the date of divorce, and of the reporting party on and after the date of divorce, in accordance with the I.R.C. and this decree.

IT IS ORDERED AND DECREED that for calendar year 2022, each party shall indemnify and hold the other party and the other party's property harmless from any tax liability associated with the reporting party's federal tax return for that year unless the parties have agreed

JN

EXHIBIT A

to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall furnish such information to the other party as is requested to prepare federal income tax returns for 2022 within thirty days of receipt of a written request for the information, and in no event shall the available information be exchanged later than March 1, 2023. As requested information becomes available after that date, it shall be provided within ten days of receipt.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

IT IS ORDERED AND DECREED that the parties shall cooperate with each other and exchange all relevant information, notices, and documents in the event of an audit or examination (or notice thereof) of their income tax returns for any period during their marriage through the date of divorce by the Internal Revenue Service or other governmental agency, and each party shall have the right to participate, at that participant party's cost and expense, in that audit or examination individually or by that party's designated representative.

*Permanent Injunctions as to Persons*

The Court finds that, because of the conduct of JENNIFER NIX, a permanent injunction against her should be granted as appropriate relief because there is no adequate remedy at law.

The permanent injunction granted below shall be effective immediately and shall be binding on JENNIFER NIX; on her agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

**EXHIBIT A**

IT IS ORDERED AND DECREED that JENNIFER NIX is permanently enjoined from:

1.      Disturbing the peace of the child or of another party.

2.      Withdrawing the child from enrollment in the school or day-care facility where the child is presently enrolled.

3.      Hiding or secreting the child from the other party.

4.      Making disparaging remarks regarding the other party or the other party's family in the presence or within the hearing of the child.

5.      Discussing litigation or custody issues directly to, or in the presence of, or within the hearing of the child, or on social media.

The Court finds that, because of the conduct of JIMMIE P. NIX, a permanent injunction against him should be granted as appropriate relief because there is no adequate remedy at law.

The permanent injunction granted below shall be effective immediately, and shall be binding on JIMMIE P. NIX; on his agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

IT IS ORDERED AND DECREED that JIMMIE P. NIX is permanently enjoined from:

1.      Disturbing the peace of the child or of another party.

2.      Withdrawing the child from enrollment in the school or day-care facility where the child is presently enrolled.

3.      Hiding or secreting the child from the other party.

4.      Making disparaging remarks regarding the other party or the other party's family in the presence or within the hearing of the child.

5.      Discussing litigation or custody issues directly to, or in the presence of, or within

EXHIBIT A

the hearing of the child, or on social media.

*Service of Writ*

Petitioner and Respondent waive issuance and service of the writ of injunction, by stipulation or as evidenced by the signatures below. IT IS ORDERED that Petitioner and Respondent shall be deemed to be duly served with the writ of injunction.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

*Resolution of Temporary Orders*

IT IS ORDERED AND DECREED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the temporary order of this Court rendered on January 14, 2022.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Decree Acknowledgment*

Petitioner, JENNIFER NIX, and Respondent, JIMMIE P. NIX, each acknowledge that before signing this Final Decree of Divorce they have read this Final Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce, believing this agreement to be a just and

---

EXHIBIT A

right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce.

*Indemnification*

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at that other party's sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt

EXHIBIT A

written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*Waiver of Discovery*

The parties hereby acknowledge that they each understand their right to have accountants, business and property evaluation specialists, appraisers, and other qualified people to further determine the nature and extent of their property and the property rights and values associated therewith and to conduct discovery through sworn Inventories and Appraisements, depositions, interrogatories, requests for admissions, requests for document production, obtaining any appraisals, expert opinions/reports, or any other judicial remedies available.

Petitioner and Respondent, hereby waive these foregoing rights to the extent that they have not taken full advantage of them. Petitioner and Respondent have agreed not to further determine the nature and extent of the property and the property rights and values associated therewith and not to conduct discovery through sworn Inventories and Appraisements, depositions, interrogatories, requests for admissions, requests for document production, obtaining any appraisals, expert opinions/reports, or any other judicial remedies available.

*Statement Regarding Existing Creditor Contracts*

The parties understand that any existing creditor contracts that bind the parties individually or jointly, including without limitation, credit card company contracts, motor vehicle financing contracts, mortgage contracts, and other binding loan instruments executed by and between the parties, jointly and/or separately, and another person or entity, shall remain legally binding on the party or parties, despite language in this decree that may address such payment responsibilities as related to such debt. Although violation of the terms of this decree, as a court order, may be punishable by contempt, a creditor of contract between said creditor and a

party or parties herein is not legally obligated to honor terms contained within this decree under most circumstances.

*Statement Regarding Bankruptcy*

The parties understand that the filing of a bankruptcy by either party subsequent to this decree may affect the award of any judgment awarded in this decree to any party, may have the result of shifting contractual debt responsibilities despite how such debts are distributed in this decree, and may otherwise affect monetary and debt responsibilities set forth in this decree. The parties understand it is each party's individual responsibility to consult with a bankruptcy attorney regarding how the filing of bankruptcy by either party may affect the property division contained herein.

*Statement Regarding Descriptions in Decree*

Petitioner and Respondent acknowledge that any descriptions, including, but not limited to accounts, amounts, property descriptions, debt descriptions, or VIN numbers that are vague, imprecise, incomplete, inaccurate, or absent are in such form because Petitioner and Respondent have chosen for them to be, after having had opportunity to add to or correct same.

*Tax Warning*

The parties acknowledge that they have been separately advised by their respective attorneys that there may be certain tax consequences pertaining to this agreement; that neither attorney has furnished tax advice with respect to this agreement, that each party has been directed and advised to obtain independent tax advice from qualified tax accountants or tax counsel prior to signing this decree, and that the Internal Revenue Code may prevail over terms contained herein. The parties additionally acknowledge that they understand that failure to

EXHIBIT A

properly seek competent tax advice prior to the signing and entry of this divorce decree may subject one or both parties to unintended and dire tax consequences.

*Name Change*

      IT IS ORDERED AND DECREED that Petitioner's name is changed to JENNIFER LYN PROSE.

*Clarifying Orders*

      Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

      IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

*Date of Judgment*

SIGNED on _August 23, 2022_

_____

**JUDGE PRESIDING**

*[Intentionally Left Blank]*

Agreed Final Decree of Divorce
*IMOMO Jennifer Nix and Jimmie Nix and ITIO Madison Nix, A Child; Cause No. DC-D202101097*

Page 49 of 50

**EXHIBIT A**

**APPROVED AS TO FORM ONLY:**

The Law Office of William D. Pruett, P.L.L.C.
909 W. Magnolia Ave., Suite 6
Fort Worth, Texas 76104
Tel: (817) 489-9877
Fax: (817) 386-2552

By: _____
WILLIAM D. PRUETT
State Bar No. 90001580
bill.thecowtownlawyer@gmail.com
MARY HANNAH PRUETT
State Bar No. 24115962
Mhannah.thecowtownlawyer@gmail.com
Attorneys for Petitioner

Bailey & Galyen
312 E. Renfro, Suite 202
Burleson, Texas 76028
Tel: (817) 263-3000
Fax: (817) 263-3010

By: _____
TERESA G. SANCHEZ
State Bar No. 17841330
bglaw@galyen.com
Attorney for Respondent

**APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:**

_____
JENNIFER NIX,
Petitioner

_____
JIMMIE P. NIX,
Respondent

Agreed Final Decree of Divorce
IMOMO Jennifer Nix and Jimmie Nix and ITIO Madison Nix, A Child; Cause No. DC-D102101097                    Page 50 of 50

## EXHIBIT A

## SPECIAL WARRANTY DEED

**DATE:**               _August 22, 2022_

**GRANTOR:**            JIMMIE P. NIX

GRANTOR'S MAILING ADDRESS: 4341 FM 917, Joshua, Texas 76058

**GRANTEE:**            JENNIFER NIX

GRANTEE'S MAILING ADDRESS: 4156 Timber Vista Drive, Burleson Texas 76028

CONSIDERATION: The division of property in Cause No. DC-D202101097, styled "IN THE MATTER OF THE MARRIAGE OF JENNIFER NIX AND JIMMIE P. NIX AND IN THE INTEREST OF MADISON NIX, A CHILD" entered in the 249TH District Court of Johnson County, Texas, and other valuable consideration paid by Grantee, and Grantee's assumption of the unpaid principal and earned interest on the note. Grantee agrees to indemnify and hold Grantor harmless from payment of the note and from performance of Grantor's obligations specified in the instruments securing payment of the note. Grantor assigns to Grantee the casualty insurance policy on the property, all utility deposits for utility service at the property, and all funds held in escrow for payment of taxes and insurance premiums.

PROPERTY (INCLUDING ANY IMPROVEMENTS): LOT 12, BLOCK 2, OF CROSSTIMBER ESTATES, AN ADDITION TO JOHNSON COUNTY, TEXAS, ACCORDING TO THE FINAL PLAT THEREOF RECORDED IN VOLUME 11, PAGE(S) 213; DRAWER H, OF THE MAP AND/OR PLAT RECORDS, OF JOHNSON COUNTY, TEXAS, and more commonly known as 4156 Timber Vista Drive, Burleson, Texas 76028.

This deed is subject to all easements, restrictions, conditions, covenants, and other instruments of record.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, GRANTS, SELLS, AND CONVEYS to Grantee all of Grantor's interest in the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty, when the claim is by, through, or under Grantor but not otherwise.

When the context requires, singular nouns and pronouns include the plural.

Grantee assumes all ad valorem taxes due on the property for the current year.

---

SPECIAL WARRANTY DEED – NIX                                    Page 1 of 2

**EXHIBIT A**

GRANTOR:

_Jimmie P Nix_
JIMMIE P. NIX

STATE OF TEXAS·                    )
                                   )
COUNTY OF TARRANT·                 )

This instrument was acknowledged before me on _August  22_ .
2022 by JIMMIE P. NIX.

ABIGAIL STEPHENS
Notary ID #133472035
My Commission Expires
December 2, 2025

_Abigail Stephens_
Notary Public

This instrument was prepared based on information furnished by the parties, and no
independent title search has been made.

AFTER RECORDING RETURN TO:

JENNIFER NIX
4156 TIMBER VISTA DRIVE,
BURLESON TX 76028·

SPECIAL WARRANTY DEED – NIX                          Page 2 of 2

EXHIBIT A

## RELEASE OF LIEN

| | |
|---|---|
| DATE: | *August 22, 2022* |
| DEBTOR: | JENNIFER NIX |
| CREDITOR: | JIMMIE P. NIX |
| LIEN TYPE | OWELTY LIEN |
| AMOUNT: | $71,518.00 |
| Recording Information: | Deed of Trust to Secure Owelty of Partition dated _____, filed _____, Recorded in Document _____, Official Public Records, Johnson County, Texas, executed by JENNIFER NIX to _____, Trustee, securing the Owelty Obligation to JIMMIE P. NIX. |

Creditor acknowledges satisfaction of the indebtedness and releases to Debtor any and all liens existing by reason of the indebtedness and the filing of all instruments related to the Debt against the following property:

LOT 12, BLOCK 2, OF CROSSTIMBER ESTATES, AN ADDITION TO JOHNSON COUNTY, TEXAS, ACCORDING TO THE FINAL PLAT THEREOF RECORDED IN VOLUME 11, PAGE(S) 213, DRAWER H, OF THE MAP AND/OR PLAT RECORDS, OF JOHNSON COUNTY, TEXAS; and more commonly known as 4156 Timber Vista Drive, Burleson, Texas 76028.

CREDITOR:

*Jimmie P Nix*

JIMMIE P. NIX

STATE OF TEXAS      )
                    )
COUNTY OF JOHNSON   )

This instrument was acknowledged before me on ___August 22___, 2022 by JIMMIE P. NIX.

*Abigail Stephens*

Notary Public, State of Texas

ABIGAIL STEPHENS
Notary ID #133472035
My Commission Expires
December 2, 2025

RELEASE OF LIEN                                    Solo Page

**EXHIBIT A**